His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
This is a suit by a passenger for having been wrongfully ejected from a train by defendant’s conductor prior to reaching the destination to which his ticket entitled him to travel. Plaintiff secured judgment for $300.0Ü damages, and defendant appeals.
Plaintiff claims that he purchased a ticket to Reserve, La., which was examined by the brakeman as he entered the coach and which was taken up by the conductor shortly after the train left New Orleans, but that nevertheless he was put off the train some 17 miles short of his destination by the conductor, who contended that the ticket he had collected from plaintiff did not call for transportation to Reserve but to Kenner, a station nearer New Orleans.
Plaintiff testifies that he did not have on his person and was unable to borrow from the other passengers the additional fare demanded by the conductor and that thereupon the latter took him by the arm and pulled him *254 from the train, throwing his suit case and his tool chest upon the platform after the train had started.
Opinion and decree, March 27th, 1916.
The conductor contends that he ejected him very gently, but admits that he has a brusque manner of speaking that might be considered rough by strangers and that he asked plaintiff: “How do you want to be put off, like a hog or walk off like a gentleman.”
The transaction occurred about 5 o’clock of a December evening and plaintiff was obliged to walk the distance of 17 miles to Eeserve in order to begin work that night ■on an urgent repair job required in the sugar factory there.
Plaintiff’s statement of the transaction, corroborated by another witness, was accepted by the trial Court, and no valid reason has been suggested to us for rejecting it. The defendant relies wholly upon the testimony of tne conductor who mistakenly,, though perhaps honestly, believed that plaintiff, among" the fifty odd passengers in that coach, handed him a ticket to Kenner and not to Eeserve. Still neither the accuracy of plaintiff’s testimony in general nor his character or honesty has been assailed, .and we therefore would be more justified in presuming that the conductor committed an honest error than that plaintiff was engaged in effort V defraud the railroad.
On the score of the quantum of damages, we are satisfied that the amount allowed does substantial justice and we shall make no amendment with reference thereto.
Ford vs. East La. Railroad Co., 110 La., 419.
Marx vs. Railroad Co., 112 La., 1065.
Bader vs. Railroad Co., 52 An., 1060.
The judgment is accordingly affirmed.
Judgment affirmed.